IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY IXIS REAL ESTATE CAPITAL TRUST 2006-1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-1 | § § § § § § | |
| | § | Civil Action No. 4:21-cv-03605 |
| Plaintiff, | § § | |
| v. | § § | |
| THOMAS C. WHIPPLE AND CHERYL L. WHIPPLE | § § § | |
| Defendants, | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-1 Pass-Through Certificates, Series 2006-1 ("Deutsche" or "Plaintiff"), complaining of Thomas C. Whipple and Cheryl L. Whipple, Defendants, files this *Original Complaint*, and states as follows:

### I.   PARTIES

1. Plaintiff is appearing through the undersigned counsel.

2. Defendant, Thomas C. Whipple is an obligor under a loan agreement and may be served with process at his residence, 407 Pebbleshire Drive, Houston, Texas 77062, or such other place where he may be found.  Summons is requested.

3. Defendant, Cheryl L. Whipple is an obligor under a loan agreement and may be served with process at her residence, 407 Pebbleshire Drive, Houston, Texas 77062, or such other place where she may be found.  Summons is requested.

## II.     PROPERTY

4. This proceeding concerns the following real property and improvements commonly known as 407 Pebbleshire Drive, Houston, Texas 77062, more particularly described as:

LOT THIRTY-NINE (39), IN BLOCK NINE (9), OF MEADOWGREEN, SECTION TWO (2), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 269, PAGE 1 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. (the "Property").

## III.     DIVERSITY JURISDICTION AND VENUE

5. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

6. Plaintiff is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. U.S. Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). Deutsche Bank is a corporation incorporated under the laws of New York with its principal place of business in California. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Therefore, Deutsche Bank is a citizen of New York and California for diversity purposes.

7. Defendants are individuals and citizens of the state of Texas.

8. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon real property which secures a debt pursuant to a security instrument. In an action for declaratory or injunctive relief, the amount in controversy for jurisdictional purposes is measured

by the "value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). If unable to foreclose on the Property, Plaintiff stands to lose the value of the Property, plus any associated interest. Therefore, the value of the Property determines the amount in controversy. *See e.g., McDonald v. Deutsche Bank Nat. Trust Co.*, 3:11-CV-2691-B, 2011 U.S. Dist. LEXIS 146040, 2011 WL 6396628 (N.D. Tex. Dec. 20, 2011) (holding that declaratory requests in foreclosure "call[] into question the right to the property in its entirety and the amount in controversy is equal to the value of the property"). According to the Harris County Central Appraisal District Website, the Property involved in this matter is valued at $213,905.00 as of the 2021 appraisal. Therefore, the amount in controversy is well in excess of $75,000.00.

9. Venue is proper in the Southern District of Texas, Houston Division, because this suit concerns title to real property located in Harris County, Texas. *See* 28 U.S.C. §§ 124, 1391(b)(2).

### IV. FACTS

11. The foregoing paragraphs are incorporated by reference for all purposes.

12. On or about March 3, 2006, for value received, Thomas C. Whipple executed that certain Texas Home Equity Note (Fixed Rate – First Lien) (the "Note") originally payable to New Century Mortgage Corporation, in the principal amount of $116,800.00 bearing interest at the fixed rate of 7.700% per annum. A true and correct copy of the Note is attached hereto as Exhibit A.

13. Concurrently with the Note, Thomas C. Whipple and Cheryl L. Whipple (as "Borrowers") executed that certain Texas Home Equity Security Instrument (First Lien) (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting

a security interest in the Property. On April 10, 2006, the Security Instrument was recorded in the Official Public Records of Harris County, Texas under Instrument Number Z217579. A true and correct copy of the Security Instrument is attached hereto as Exhibit B.

14. The Security Instrument names New Century Mortgage Corporation ("New Century") as the beneficiary of the Loan Agreement. *See* Exhibit B**.** Subsequently, New Century assigned all its right, title, and interest to Plaintiff. This Transfer of Lien was recorded in the Official Public Records of Harris County, Texas on May 13, 2011, under Instrument Number 20110194758. A true and correct copy of the Transfer of Lien is attached hereto as Exhibit C.

15. Under the terms of the Loan Agreement, Mr. Whipple was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

16. The Loan Agreement provides that should Mr. Whipple fail to comply with any or all of the covenants and conditions of the Loan Agreement, then the lender may require immediate payment in full of all outstanding principal and accrued interest owed on the Note. The Loan Agreement further provides that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

17. Mr. Whipple has failed to comply with the terms of the Loan Agreement. The Loan Agreement is currently due for the April 1, 2019 payment and all subsequent monthly payments. Notices of Default and Intent to Accelerate were mailed to Defendants on September 3, 2019, in accordance with the Loan Agreement and the Texas Property Code. True and correct copies of the Notices of Default and Intent to Accelerate are attached hereto as Exhibit D. The default was not cured, and the maturity of the debt was accelerated. Notices of Acceleration of

Loan Maturity were mailed to Defendants on October 4, 2019. True and correct copies of the Notices of Acceleration of Loan Maturity are attached hereto as Exhibit E.

18. Plaintiff is the current legal owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff is also the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

19. Plaintiff brings this suit to obtain a judgment allowing foreclosure against Defendants.

## V.   CAUSE OF ACTION: FORECLOSURE

20. The foregoing paragraphs are incorporated by reference for all purposes.

21. As the current mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff asserts a cause of action for foreclosure against Defendants. The Loan Agreement is a contract, and Plaintiff fully performed its obligations under it. Defendants, however, did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms. Therefore, Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code § 51.002.

22. Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Note and Security Instrument and by statute. TEX. CIV. PRAC. & REM. ANN. § 38.001(8). Plaintiff seeks an award of attorneys' fees in furtherance of Defendants' obligations under the Loan Agreement, not as a judgment against them personally.

## VI. CONDITIONS PRECEDENT

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. All conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the loan agreement, contract, or lien sought to be foreclosed has been performed.

## VII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants, Thomas C. Whipple and Cheryl L. Whipple, be summoned to appear and answer, and that the Court enter judgment granting: a declaration that Plaintiff's lien against the Property shall be enforced by a judgment and foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff further requests attorneys' fees and costs of suit as a further obligation on the Note, and all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District Admission #21340
    mcronenwett@mwzmlaw.com

    **NICHOLAS M. FRAME**
    Of Counsel
    State Bar No. 24093448
    Southern District Admission #3121681
    nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**