IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY IXIS REAL ESTATE CAPITAL TRUST 2006-1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-1 § § § § § § § <br><br>  Plaintiff, § <br>v. § § <br>THOMAS C. WHIPPLE AND CHERYL L. WHIPPLE § § § <br>  Defendants, § | Civil Action No. 4:21-cv-03605 |

PLAINTIFF'S MOTION FOR SUBSTITUTED
SERVICE ON THOMAS C. WHIPPLE AND CHERYL L. WHIPPLE

Plaintiff Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-1 Pass-Through Certificates, Series 2006-1 ("Deutsche" or "Plaintiff"), files this *Motion for Substituted Service on Thomas C Whipple and Cheryl L. Whipple.* ("Motion") and, in support of thereof, respectfully shows as follows:

1. On November 2, 2021, Plaintiff, as a secured lienholder, filed its *Original Complaint* seeking a judgment confirming its lien interest and allowing foreclosure on the real property located at 407 Pebbleshire Drive, Houston, Texas 77062 ("Property"). [ECF No. 1.]

2. Despite due diligence, Plaintiff has been unable to serve Defendants, Thomas C. Whipple and Cheryl L. Whipple ("Defendants"). Evidence of the attempts is shown by the process server's affidavit incorporated hereto as **Exhibit A**, *Affidavit in Support of Substituted Service as to Defendant Thomas C. Whipple* and by the process server's affidavit incorporated herein as **Exhibit B**. *Affidavit in Support of Substituted Service as to Defendant Cheryl L. Whipple.*

3.	The process server attempted to personally serve Thomas C. Whipple, on at least four (4) separate occasions at his residence at 407 Pebbleshire Drive, Houston, Texas 77062 as follows:

(a) November 12, 2021 at 7:12pm, process server attempted service at 407 Pebbleshire Drive, Houston, Texas 77062. Process server spoke with a neighbor and confirmed Whipple resides at the residence. The property was gated. Process server left a card attached to the gate.

(b) November 15, 2021 at 6:30pm, process server attempted service at 407 Pebbleshire Drive, Houston, Texas 77062. The gate was closed. Process server saw a truck parked in the driveway and verified that the truck was registered to Whipple. Process server posted a notice on the gate.

(c) November 16, 2021 at 4:30pm, process server attempted service at 407 Pebbleshire Drive, Houston, Texas 77062. The note left for Whipple the previous day was gone. The truck registered to Whipple was parked in the driveway. After unsuccessful attempt at service, process server left another notice on the gate

(d) November 29, 2021 at 2:20pm, process server called Whipple and left a voice message. Whipple failed to respond.

(e) December 4, 2021, at 10:47am, process server attempted service at 407 Pebbleshire Drive, Houston, Texas 77062. The previous note left on November 16, 2021 had been removed. The truck registered to Whipple was parked in the driveway. A Texas Process Servers Association note was left on the gate. **See Exhibit A.**

4.	The process server attempted to personally serve Cheryl L. Whipple, on at least six (6) separate occasions at her residence at 305 W. Baker Rd 1102, Baytown, TX 77531 as follows:

(a) November 30, 2021 at 5:05pm, process server attempted service at 305 W. Baker Rd 1102, Baytown, TX 77531. Process server spoke with suspected daughter and confirmed residence of Cheryl L. Whipple. Process server left information with suspected daughter.

(b) December 1, 2021 at 12:46pm, process server spoke with Cheryl L. Whipple on the telephone and she indicated that she was refusing to accept service.

(c) December 7, 2021 at 8:21am, process server attempted service at 305 W. Baker Rd 1102, Baytown, TX 77531, but received no response at door.

(d) December 14, 2021 at 10:11am, process server attempted service at 305 W. Baker Rd 1102, Baytown, TX 77531, but received no response at door.

(e) December 28, 2021 at 8:01pm, process server attempted service at 305 W. Baker Rd 1102, Baytown, TX 77531, but received no response at door.

(f) January 6, 2022 at 7:21am, process server attempted service at 305 W. Baker Rd 1102, Baytown, TX 77531, but received no response at door. **See Exhibit B.**

5. As shown in the affidavits, Defendants are avoiding service and ignoring the process server's attempts which makes personal service impractical. **See Exhibits A, B.**

6. Texas Rule of Civil Procedure 106 provides that substituted service is authorized when supported by an affidavit stating that the attempted address is his usual place of abode. *See* TEX. R. CIV. P. 106 (b). There is no doubt that 407 Pebbleshire Drive, Houston, Texas 77062 is Thomas C. Whipple's residence and usual place of abode and 305 W. Baker Rd 1102, Baytown, TX 77531 is Cheryl L. Whipple's residence and usual place of abode as proved by the process server's affidavits. **See Exhibits A, B.**

7. As discussed above, Plaintiff has been unsuccessful in serving Defendant, Thomas C. Whipple at his usual place of abode, where he can be found. Accordingly, Plaintiff asks the Court to authorize it to serve Thomas C. Whipple by *either*:

(1) posting a copy of the summons and complaint on the front gate at his usual place of abode at 407 Pebbleshire Drive, Houston, Texas 77062; *or*

(2) leaving a copy of the summons and complaint with someone over sixteen (16) years of age at the above-referenced address.

8. As discussed above, Plaintiff has been unsuccessful in serving Defendant, Cheryl L. Whipple at her usual place of abode, where she can be found. Accordingly, Plaintiff asks the Court to authorize it to serve Cheryl L. Whipple by *either*:

(1) posting a copy of the summons and complaint on the front gate at her usual place of abode at 305 W. Baker Rd 1102, Baytown, TX 77531; *or*

(2) leaving a copy of the summons and complaint with someone over sixteen (16) years of age at the above-referenced address.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court grant its *Motion for Substituted Service* and authorize substituted service on Defendants in the manner described above in accordance with the Texas Rule of Civil Procedure 106, and grant other further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

By: _/s/ Nicholas M. Frame_
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District Admission #21340
    mcronenwett@mwzmlaw.com

    **NICHOLAS M. FRAME**
    Of Counsel
    State Bar No. 24093448
    Southern District Admission #3121681
    nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**